**Not for publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-1883

UNITED STATES,

Appellee,

v.

ISRAEL RIVERA-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Stahl, and Barron,
Circuit Judges.

Anita Hill Adames, on brief for appellant.
Thomas F. Klumper, Assistant United States Attorney; Nelson Pérez-Sosa, Assistant United States Attorney (Chief, Appellate Division); and Rosa Emilia Rodriguez-Velez, United States Attorney, on brief for appellee.

January 23, 2015

**PER CURIAM**.  Defendant Israel Rivera-Rivera pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846.  In his plea agreement, Defendant agreed to waive his right to appeal so long as the district court sentenced him "in accordance with the terms and conditions set forth in the Sentence Recommendation provisions" of the agreement, wherein the parties agreed that Defendant would request a sentence of not less than 96 months and the government would request a sentence of 108 months.  The government also agreed that it would not oppose Defendant's request to credit time spent incarcerated in the Dominican Republic against his federal sentence.  At his change of plea hearing, Defendant expressed understanding that he had waived his appellate rights by entering into the plea agreement, and stated that he entered into the agreement voluntarily.  The district court imposed a 108-month sentence and agreed to the defendant's request for time credit.

A waiver of appellate rights is presumptively valid if entered into knowingly and voluntarily, and if enforcement would not result in a miscarriage of justice.  United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001).  Defendant argues that the district court's sentence is substantively unreasonable, without addressing why his plea agreement should not be construed to bar this appeal.  Therefore, he has abandoned his right to argue that his appeal waiver was either unknowing or involuntary.  See United

States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007) ("Where . . . the defendant simply ignores the waiver and seeks to argue the appeal as if no waiver ever had been executed, he forfeits any right to contend either that the waiver should not be enforced or that it does not apply."). The district court sentenced Defendant in accordance with the terms of the plea agreement, and no clear and gross injustice will result from enforcement of the waiver. Cf. id. at 609. Thus, we DISMISS Defendant's appeal.